## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

ANJAKNIE ROUNDTREE,
   *Plaintiff*,

   v.

                 No. 3:22-cv-427 (JAM)

H&R BLOCK *et al.*,
   *Defendants*.

### ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED

Plaintiff Anjaknie Roundtree has filed *in forma pauperis* a *pro se* complaint against H&R Block and five additional parties. But because it appears that the complaint does not allege facts giving rise to a plausible ground for federal jurisdiction or a grant of relief on the merits, the Court shall require Roundtree to file an amended complaint or a response within 10 days by **September 26, 2022**, explaining why the complaint should not be dismissed.

### BACKGROUND

Roundtree alleges that she has "been getting [her] taxes prepared through H&R Block" and believes that she is "a victim of tax evasion and fraud."[1] Her discursive complaint lists what appear to be a series of complaints about H&R Block and its employees.[2]

Roundtree's first cause of action claims that Miriam Aviles, a tax advisor, "compromised" her identity.[3] Roundtree similarly claims that information pertaining to her limited liability corporation was also "compromised."[4] Roundtree's second cause of action alleges tax fraud by Joyce Carraway and Alexandria Johnson—two "tax pros."[5] She claims that they told her that she was not eligible for "unemployment compensation" and an unspecified "tax

---

[1] Doc. #1 at 2.
[2] *Id.* at 2–4.
[3] *Id.* at 4.
[4] *Ibid.*
[5] *Ibid.*

break," but the Internal Revenue Service (IRS) informed her otherwise.[6]

Roundtree alleges that she contacted Jeff Jones—ostensibly an H&R Block supervisor—regarding the tax break, but he never responded.[7] Roundtree claims that she was eligible for this tax break based on her gender, and she alleges that she never received "multiple payments" despite being approved for them.[8] Finally, she alleges a discrepancy on her tax return between the IRS and H&R Block.[9]

## DISCUSSION

The Court has authority to review and dismiss a complaint if it "is frivolous or malicious" or if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). To be sure, if a plaintiff is *pro se*, the Court must give her complaint a liberal construction and interpret it to raise the strongest grounds for relief that its allegations suggest. *See Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013) (*per curiam*). Still, even a *pro se* complaint may not survive dismissal if its factual allegations do not establish plausible grounds for relief. *See, e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

In the ordinary course, the Court will not dismiss a complaint *sua sponte* without affording the plaintiff a reasonable opportunity to respond to the concerns that would warrant dismissal. *See Abbas v. Dixon*, 480 F.3d 636, 639–40 (2d Cir. 2007). The purpose of this ruling is to state the Court's concerns so that Roundtree may promptly respond or file an amended complaint that addresses these concerns.

It is a very basic principle that federal courts are courts of limited jurisdiction. *See generally Gunn v. Minton*, 568 U.S. 251, 256 (2013). In general, federal courts have "federal

---

[6] *Ibid.*
[7] *Id.* at 3.
[8] *Ibid.*
[9] *Ibid.*

question" jurisdiction over any claims that arise under federal law. *See* 28 U.S.C. § 1331. Federal courts also have "diversity" jurisdiction over claims that arise under state law if the parties are citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. A federal court must dismiss a complaint if at any time it is clear that the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The complaint does not appear to allege a claim for relief under federal law to qualify for federal question jurisdiction. The Supreme Court has ruled that "the presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Although Roundtree complains that she was subject to fraud and tax evasion, she does not identify any *federal* law that was broken and that also may serve as a basis for her to claim relief against the defendants. Of course, if Roundtree was indeed the victim of a fraud, then she may have a remedy under state law that can be pursued in a state court. *See, e.g.*, *Sturm v. Harb Dev., LLC*, 298 Conn. 124, 142 (2010) (reciting elements for claim of common law fraud).

Nor does the complaint allege grounds for diversity jurisdiction. The exercise of federal jurisdiction allows for a federal court to hear a state law claim but requires "'complete diversity,' *i.e.* all plaintiffs must be citizens of states diverse from those of all defendants." *Pa. Pub. Sch. Emps.' Retirement Sys. v. Morgan Stanley & Co., Inc.*, 772 F.3d 111, 118 (2d Cir. 2014). Here, the complaint lists Connecticut addresses for both Roundtree and four of the six named defendants (*i.e.*, Aviles, Duncan, Johnson, and Carraway).[10] The fact that H&R Block as well as one of the individual defendants (*i.e.*, Jones) are listed with addresses in Missouri does not cure

---

[10] Doc. #1 at 1–2.

the failure to allege complete diversity—that is, to allege that *none* of the defendants are citizens of the same State as Roundtree.

Moreover, the federal diversity statute requires a "matter in controversy" that "exceeds the sum or value of $75,000." 28 U.S.C. § 1332. But Roundtree seeks only $50,000 (in addition to "pain and suffering"), so it does not appear that the complaint plausibly alleges an amount in controversy that exceeds $75,000.

Lastly, even assuming that there is a basis for federal jurisdiction, the complaint does not appear to state any plausible grounds for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Roundtree generally asserts that her personal information was "compromised," but she does not specify how that compromise took place or why H&R Block or any of the individuals named are responsible. She also claims that she did not receive a "tax break" for which she was allegedly eligible, but she fails to explain why any particular defendant should be held liable as a result. Roundtree has also filed as an exhibit a print-out from H&R Block, but she does not explain its significance to any of her claims.[11] At bottom, Roundtree's allegations are fragmentary with little to no factual support.

## CONCLUSION

It appears that the complaint is subject to dismissal under § 1915(e)(2)(B). But if Roundtree has grounds to file an amended complaint or to show why the complaint should not be dismissed, she may file a response to this order to show cause by **September 26, 2022**.

It is so ordered.

Dated at New Haven this 16th day of September 2022.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge

---

[11] Doc. #8.